IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHENNACO HOLDINGS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00072-O |
| | § | |
| MITCHELL CHAD BARRETT, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Court's Scheduling Order entered May 9, 2018 (Doc. 15) Defendant Mitchell Chad Barrett respectfully files the following Proposed Findings of Fact and Conclusions of Law. Mr. Barrett respectfully requests the right to submit supplemental or amended findings and conclusions based on the Court's ruling during or after trial.

**PROPOSED FINDINGS OF FACT**

1. Plaintiff ShennaCo Holdings, LLC ("ShennaCo") alleges that Defendant Mitchell Chad Barrett breached a Confidential Settlement and Mutual Release Agreement (the "Agreement") by failing to pay the "Shortfall" as defined in the Agreement.

2. Prior to entering into the Agreement, ShennaCo's predecessor in interest, ShennaCo Investment Corporation, Inc. released all claims, causes of action, or controversies of any kind whatsoever that it may have had against Mr. Barrett (the "Release").

3. The Release was binding on and inured to the benefit of the Parties and their successors, including ShennaCo.

4. Prior to entering into the Agreement, ShennaCo never provided services of any kind to Mr. Barrett individually, and Mr. Barrett never agreed to pay for any services ShennaCo provided to companies with which Mr. Barrett was affiliated.

5. Aside from its promise to release claims against Mr. Barrett, the only evidence of ShennaCo providing Mr. Barrett consideration for the Agreement is contained in a recital, which states: "Barrett wishes to carry forward in other businesses with ShennaCo not related to WHIG and this Agreement is paramount to ShennaCo contemplating any future business with Barrett."

## PROPOSED CONCLUSIONS OF LAW

6. Because ShennaCo released all claims it may have had against Mr. Barrett prior to entering into the Agreement, and because ShennaCo never provided services to Mr. Barrett individually, ShennaCo's promise to release claims against Mr. Barrett in exchange for his purported obligations under the Agreement did not constitute valid consideration. *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 25 (5th Cir. 1992). Indeed, at the time the parties entered into the Agreement, ShennaCo had no valid claims against Mr. Barrett to release.

7. Under Texas law, "an agreement to continue doing business with a party confers a benefit on that party." *Gooch v. American Sling, Co.*, 902 S.W.2d 181, 185 (Tex. App.—Ft. Worth 1995, no writ). However, "if the terms of a promise make performance optional, the promise is illusory and cannot constitute valid consideration." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 235 (Tex. 2003). The recital in the Agreement stating "this Agreement is paramount to ShennaCo contemplating any future business with Barrett," does not establish that ShennaCo provided Mr. Barrett valid consideration for his purported obligations under the Agreement. At

most, ShennaCo promised to contemplate doing future business with Mr. Barrett at its option, which is an illusory promise that cannot constitute valid consideration.

8. Therefore, the Agreement is unenforceable against Mr. Barrett, and ShennaCo may not recover on its claims against Mr. Barrett, which are predicated on the Agreement.

Respectfully submitted,

*/s/ Lucas C. Wohlford*
Robert M. Castle, III.
Rob.castle@btlaw.com
State Bar No. 24036338
Jamie R. Welton
jwelton@btlaw.com
State Bar No. 24013732
Lucas C. Wohlford
lwohlford@btlaw.com
State Bar No. 24070871
**BARNES & THORNBURG LLP**
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Phone: 214-258-4149
Facsimile: 214-258-4199

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, a true and correct copy of the above and foregoing was electronically filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ Lucas C. Wohlford*
Lucas C. Wohlford